IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Case No.  00-cv-00731-PSF

INFANT SWIMMING RESEARCH, INC., a Florida corporation,

      Plaintiff,

v.

ANN SHIDLER, individually and d/b/a Infant Aquatic Survival,
JUDY HEUMANN, individually and d/b/a Infant Aquatic Survival, and
ALISON GEERDES, individually and d/b/a Infant Aquatic Survival,

      Defendants.

---

## ORDER ON PENDING MOTIONS

---

      This matter comes before the Court on Plaintiff's Renewed Motion for Attorneys' Fees and Costs (Dkt. # 310), filed November 13, 2006; Plaintiff's Renewed Motion for One Day Extension of Time to File Declaration in Support of Motion for Attorneys' Fees (Dkt. # 318), filed November 17, 2006; Plaintiff's second Renewed Motion for Attorneys' Fees and Costs (Dkt. # 314), filed November 14, 2006, which appears to be a duplicate of Dkt. # 310 with the addition of counsel's declaration and billing detail attached; Defendant Geerdes' Motion for Attorneys' Fees and Costs (Dkt. # 312), filed November 13, 2006, and Defendant Geerdes' Motion to Strike Plaintiff's Untimely Response to Geerdes' Motion for Attorneys' Fees and Costs (Dkt. # 323), filed December 7, 2006.

      On December 4, 2006, Defendant Heumann responded to plaintiff's renewed motion for attorneys' fees and costs (Dkt. # 320), and on December 7, 2006 filed an opposition to plaintiff's request for an extension of time to file the declaration support

for its motion (Dkt. # 322).  On December 6, 2006, plaintiff responded to Defendant

Geerdes' motion for attorneys fees (Dkt. # 321).  As noted above, on December 7,

2006, Defendant Geerdes moved to strike as untimely plaintiff's response to her motion

for attorneys' fees (Dkt. # 323).  The motions are ripe for determination.  The Court has

determined that oral argument will not materially assist the Court.

## I.    BACKGROUND

These motions were filed following the decision by the Tenth Circuit issued

August 15, 2006, in which the panel: 1) affirmed a jury verdict entered after trial against

Defendant Heumann for violating the confidentiality provision of a licensing agreement

with plaintiff;[1] 2) affirmed the award of attorneys' fees to Defendant Geerdes, whom the

jury had found not liable for violation of the licensing agreement, as a prevailing party

under the agreement; and 3) affirmed the scope of the permanent injunction entered

against Defendants Heumann and Shidler.  *Harvey Barnett, Inc. v. Shidler, et al*, 2006

WL 2349212 at \*\*13 (10th Cir., Aug. 15, 2006) ("*Barnett II*").  The panel reversed the

amount of this Court's award of attorneys' fees to plaintiff, holding that the Court

abused its discretion by reducing plaintiff's fee request on the grounds that plaintiff was

unsuccessful on some of its claims against all defendants and on the breach of

confidentiality provision against Defendant Geerdes.  *Id.* at \*\*9-12.  The panel thus

reversed the award of attorney's fees to plaintiff and remanded the case to this Court

"for further proceedings consistent with" that court's opinion.  *Id.* at \*\*12.

---

[1]   A second defendant, Ann Shidler, was also found liable by the jury under the
licensing agreement but did not pursue an appeal.

The mandate of the Tenth Circuit was issued on September 6, 2006 (Dkt. # 301), and a supplement to the mandate was issued on September 19, 2006 (Dkt. # 305). By orders entered on September 1, 2006 and again on September 28, 2006 (Dkt. ## 299, 307) this Court allowed the parties until November 13, 2006 to file their respective motions regarding attorneys' fees and costs. The motions addressed below were then filed.

## II.   PRELIMINARY MATTERS

The plaintiff filed a "Renewed Motion for Attorneys' Fees and Costs" on November 13, 2006 (Dkt. # 310). The motion refers to an attached declaration by plaintiff's counsel, Douglas Jaffe (Dkt. # 310 at 7). The Jaffe Declaration, however, is not attached as a document to the motion but is listed as a separate docket entry (Dkt. # 311) on the Clerk's docket. The Jaffe Declaration refers to an attached Exhibit A, which "sets forth the attorneys' fees and costs which have been incurred by" plaintiff (Dkt. # 311 at 1). A 76-page attachment is filed with the Jaffe Declaration as part of Dkt. # 311.

Apparently, on November 14, 2006 plaintiff's counsel was notified by the Clerk that due to some technical problem with plaintiff's filing of the motion, the declaration was not docketed with the motion (*see* Dkt. # 318 at 2). In response to this notification, on November 14, 2006 plaintiff's counsel refiled the Motion for Attorneys' Fees, with the declaration and the supporting documents attached as part of the same docket entry (Dkt. # 314), and filed a motion for extension of time to file the declaration in support of the motion for attorneys' fees (Dkt. # 315). The motion for extension of time was

3

denied due to failure to comply with D.C.COLO.LCivR 7.1A (Dkt. # 317).  Plaintiff's counsel refiled the motion for extension of time on November 17, 2006 (Dkt. # 318). As noted above, Defendant Heumann filed an opposition to the motion for extension of time on December 7, 2006 (Dkt. # 322).

It appears to the Court that plaintiff's Renewed Motion for Attorneys' Fees, and the Jaffe declaration and Exhibit A thereto were all timely filed on November 13, 2006. Therefore, and due to a lack of prejudice to defendants even if there were late filings, the Court grants the plaintiff's motion for an extension to file same (Dkt. # 318). Accordingly, the Court will refer to the motion filed as Dkt. # 314, and the attachments thereto ("Renewed Motion"), for purposes of the remainder of this Order addressing plaintiff's request for attorneys' fees.

On December 7, 2006 Defendant Geerdes filed a motion to strike plaintiff's response to her motion for attorneys' fees (Dkt. # 323), asserting that plaintiff's response to her motion was due to be filed no later than December 4, 2006, but was not filed until December 6, 2006 (*id.*).  Defendant Geerdes does not identify any prejudice to her from the asserted late filing.  Plaintiff has responded that it understood that even under electronic filing it believed it was allowed three additional days for mailing in terms of calculating the time for filing (Dkt. # 327).  The Court agrees and denies Defendant Geerdes motion to strike plaintiff's response to her motion for attorneys' fees.

III.    **PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS (Dkt. # 314)**

In its global Order on all post trial motions, the Court noted that Plaintiff Infant Swimming Research, Inc. ("ISR") was requesting an award of attorneys' fees in the amount of $235,100 representing all fees incurred by plaintiff from the inception of this case through the entry of judgment (Dkt. # 269, Order at 31).  Following the remand by the Tenth Circuit, plaintiff's pending Renewed Motion for attorneys' fees requests this Court to enter the same amount of fees previously requested ($235,100) plus additional fees of $51,020 incurred during the period from approximately the date of the entry of judgment (February 25, 2004) through the filing of the Renewed Motion (November 14, 2006) (*See* Motion at 6-7), for a total award of $286,120.  Thus plaintiff is requesting 100% of all fees incurred by it in connection with this case from inception of this case through the filing of its renewed motion for attorneys' fees.

The Tenth Circuit essentially found that this Court abused its discretion and erred in apportioning plaintiff's fee request "based on a success/failure ratio" relating to the mathematical number of claims on which plaintiff prevailed and the number of defendants against whom plaintiff prevailed.  *Barnett II, supra*, 2006 WL 2349212 at **11.  Instead, the Tenth Circuit instructed, where claims such as plaintiff's are based on related legal theories and a common core of facts, the district court should focus "on the significance of the overall relief obtained."  *Id.* at **10-12.  In arriving at this direction, the Tenth Circuit quoted liberally from the Supreme Court decision in *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Plaintiff now argues that its requested fees "are reasonable in light of Defendant Heumann and Shidler's insistence on litigating to the bitter end (over 6 years involving two appeals to the 10th Circuit Court Of Appeals) their position that ISR has no trade secrets and cannot enforce the license agreements.  The jury and the 10th Circuit have told them in no uncertain terms that they were wrong.  It has been established that ISR has trade secrets and confidential information that is protected through the license agreements."  Renewed Motion at 5.  Plaintiff does not otherwise argue in its Renewed Motion that its fees are reasonable based on the significance of the overall relief obtained in relation to the hours expended.

## IV.    ANALYSIS OF PLAINTIFF'S RENEWED MOTION

In citing to *Hensley, supra*, the Tenth Circuit also noted that the Supreme Court stated that a fee reduction would be appropriate if the relief obtained, however significant, was limited in comparison to the scope of the litigation as a whole.  *Barnett, supra,* 2006 WL 23249212 at **10.  In determining the significance of the overall relief obtained, or whether the relief obtained by plaintiff here is limited in comparison to the scope of this litigation as a whole, this Court must take into account the nature of all the claims brought by plaintiff, the relief sought and the relief obtained, compared to the total fees requested from the inception of the case.

### A.    The Nature of Plaintiff's Claims, the Relief Sought and the Results Obtained

As the Tenth Circuit found in its decision in plaintiff's first appeal, plaintiff initially brought seven separate claims against the defendants alleging state-law claims of

misappropriation of trade secrets, breach of contract, and unjust enrichment, as well as claims of unfair competition and deceptive trade practices under the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-105, and federal claims of trademark infringement and misleading trade practices in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1127 (10th Cir. 2003) ("*Barnett I*"). In an order dated April 13, 2001, entered after conducting three days of hearings, Chief Judge Babcock denied plaintiff's request for a preliminary injunction against defendants (Dkt. # 100). On January 4, 2002, District Judge Babcock granted summary judgment in favor of all defendants on all claims (Dkt. # 129).

In its decision in *Barnett I*, entered on August 6, 2003, the Tenth Circuit affirmed the summary judgment as to all claims other than the plaintiff's two claims for misappropriation of trade secrets and breach of contract. *Barnett I*, 338 F.3d at 1136. It does not appear that plaintiff appealed the denial of its motion for preliminary injunction, and the Tenth Circuit opinion did not address such requested relief. On August 9, 2003 the Tenth Circuit's issued its mandate remanding the case to the district court for proceedings consistent with the decision (Dkt. # 204). The case was thereafter assigned to the undersigned judge.

According to plaintiff's Renewed Motion, through the date of remand it had incurred $130,699.50 of the fees it now seeks ($74,707 for the period March 2000 through January 2002 plus $55,992.50 for the period February 1, 2002 through August 28, 2003) (Renewed Motion at 6). It had sought some of these fees before Chief Judge

7

Babcock, arguing that it was the prevailing party notwithstanding the summary judgment entered against it, because the defendants had voluntarily dismissed their counter-claims against plaintiff.  Chief Judge Babcock denied plaintiff's request in an order entered August 13, 2002 (Dkt. # 163 at 4).  In the same order he ruled that defendants were entitled to attorneys fees, but did not set the amount (Dkt. # 163 at 9-10).  On September 10, 2002 plaintiff filed a separate notice of appeal to the Tenth Circuit from Chief Judge Babcock's denial of its fee request, which was assigned as Case No. 02-1413 (*See* Dkt. # 165).  On January 23, 2003, that appeal was dismissed by the Tenth Circuit for lack of jurisdiction as a nonfinal order because Chief Judge Babcock had not entered the amount of fees for the defendants (*See* Dkt. # 176). On February 24, 2003, Judge Babcock awarded fees to defendants in the amount of $143,435 (Dkt. # 186).  On March 4, 2003, plaintiff filed a notice of appeal from the earlier order denying its request for fees and appealing the award of fees to defendants (Dkt. # 187).  The appeals was assigned as case No. 03-1083) (*See* Dkt. # 189).  On March 20, 2003, defendants filed their notice of cross-appeal from the attorneys' fees order (Dkt. # 193).  That appeal was assigned as case No. 03-1107 (*see* Dkt. # 195).

The Tenth Circuit did not decide these appeals in August 2003 when it addressed the appeal of the summary judgment order and remanded the case to the district court.  Instead, on August 27, 2003, it issued an order (Dkt. # 203) abating those two appeals, noting that resolution of the attorneys' fees would be affected by the remand, and directing the parties to file status reports until the case was resolved by

8

the district court, and stating that the abatement will be lifted upon a decision by the district court (*id.* at 1-2).

In this Court's global Order, it declined to address these fee requests that had been made to Chief Judge Babcock as the matter was still pending before the Tenth Circuit and this Court did not appear to have jurisdiction (Dkt. # 269 at 8).  In its decision in *Barnett II*, the Tenth Circuit stated that it had lifted the abatement in July 2004, and fully remanded the cases to this Court for whatever additional proceedings are deemed necessary regarding these fee requests.  2006 WL 2349212 at **9, n.12.

Following remand the parties entered into a Final Pretrial Order filed December 18, 2003 (Dkt. # 215), in which plaintiff described its claims as relating to defendants starting a "new business attempting to train instructors and teach the ISR program without [plaintiff's] authorization" and attempting to misappropriate plaintiff's trade secrets in breach of their written agreements with plaintiff.  *Id.* at 2.  Plaintiff stated that it was seeking injunctive relief, damages, interest, costs and attorneys' fees (*id.).*

Although the pretrial order does not specify the amount of damages sought by plaintiff, at trial the plaintiff requested an award of actual damages on its claim of misappropriation of trades secrets and breach of the covenant not to compete contained in the licensing agreement, and the jury was instructed that it could award actual damages for those two claims (Jury Inst. Nos. 21, 29).  The jury was also instructed that it could award punitive damages for the alleged misappropriation of trade secrets (Jury Inst. No. 22).  The jury found against plaintiff on both claims and thus awarded no actual or punitive damages (Dkt. # 236).

9

As to the claim for breach of the confidentiality provision of the licensing agreement, the jury was instructed only that it could award the liquidated damages set forth in the contract (Jury Inst. No. 32).  The jury awarded the liquidated damages amount of $50,000 as against each defendant found liable, Defendants Heumann and Shidler (*id.*).  The Court notes that these defendants were not alleged to be business partners or joint venturers, and the evidence at trial at most showed that they shared a common website, along with other swim instructors, that used the named Infant Aquatic Survival (Trial transcript, Vol. II at 293, 321-22).  They signed separate confidentiality agreements (Trial Exhibits 10 and 11).  Accordingly, the judgment entered on February 4, 2004 against Defendants Heumann and Shidler on the breach of contract claims was for separate and independent amounts of $50,000, and not for joint and several liability (Dkt. # 237).

After trial, plaintiff requested this Court to enter a permanent injunction against Defendant Geerdes (Dkt. # 239).  Plaintiff also requested this Court to enter a permanent injunction against Defendants Heumann that would provide:

> 1)      Defendants shall not train or endeavor to train instructors or assistants in the same and/or similar methods, materials techniques, trade secrets and/or systems used by ISR.
>
> 2)      Defendants shall not use and/or divulge, disclose or communicate, to any other person or entity of any kind or type, any of the methods, materials, techniques, trade secrets and/or systems used by ISR.
>
> 3)      Defendants shall not write for publication any article concerning the methods, materials, techniques, trade secrets, and/or systems used by ISR in its business and

shall not participate in interviews with any person or entity of any kind or type concerning the methods, materials, techniques, trade secrets, and/or systems used by ISR.

4)      Defendants shall not allow any ISR materials, documents and/or training videos to be copied, reproduced or replicated in whole or in part.

5)      Defendants shall surrender to ISR all ISR materials, documents and/or training videos.

6)      Defendants shall cease any and all utilization and/or association with the name ISR and/or Harvey Barnett, Inc.

7)      Defendants shall not divert and/or attempt to divert away any employees, licensees and/or instructors of ISR.

Plaintiff's Motion for Permanent Injunction, Dkt. # 243, at 2-3.  From the time the Tenth Circuit remanded the case, through the date of filing of these motions, plaintiff asserts it incurred an additional amount of attorneys' fees totaling $104,400.50 (Renewed Motion at 6).

Following trial, the plaintiff engaged in substantial briefing of its above-referenced post-trial motions, in opposing the post-trial motions filed by all defendants and in connection with the various motions for attorneys' fees.  As noted above, in its global Order entered on April 27, 2004, this Court declined to enter any injunction against Defendant Geerdes as she was the prevailing party (Dkt. # 269 at 4).  The Court also declined to enter the permanent injunction in the scope requested by plaintiff, and entered a more limited injunction, finding, *inter alia*, that there was no basis for entering an injunction relating to plaintiff's trade secrets as the jury had found no misappro-priation of them, and because it remained unclear to the Court exactly

11

what part of plaintiff's business methods are confidential, the scope of the injunction had to be limited (Dkt. # 269 at 29-30).  The Court also, as noted above, awarded some of the fees requested by plaintiff, allowed some of the fees requested by Defendant Geerdes, and denied the post-trial motions of Defendants Heumann and Shidler (*id.* at 36).  It appears from plaintiff's Renewed Motion that from the date of filing its post-trial motions through a date after this Court's global Order (February 25, 2004 through May 24, 2005), it incurred an additional amount of attorneys' fees of $25,740 (Renewed Motion at 6).

Plaintiff thereafter cross-appealed the scope of this Court's permanent injunction to the Tenth Circuit, which affirmed the scope of the permanent injunction rejecting plaintiff's appeal.  *See Barnett II*, 2006 WL 2349212 at **12-13.  Plaintiff succeeded on appeal in preserving the verdicts and judgments against Defendant Heumann and Shidler.  Plaintiff did not succeed on its cross-appeal in overturning the jury award to Defendant Geerdes.  In connection with the work performed through the appeal, it appears that plaintiff incurred an additional amount of attorneys' fees of $19,920 (Renewed Motion at 6).

Finally, plaintiff asserts that since the decision in *Barnett II* it has incurred $5,360 in attorneys' fees through the date of filing its Renewed Motion on November 13, 2006 (Renewed Motion at 7).

### B.    The Reasonable Fee in Relation to the Overall Success Achieved

As indicated above, plaintiff has broken down his fees incurred into six different time periods.  Although this Court must make the fee award as the Tenth Circuit

instructed based on the overall results achieved, the Court finds that the breakdown into categories is a useful starting point for evaluating the fee request as a whole.

Taking into account the nature of all the claims brought by plaintiff, the relief sought and the significance of the overall relief obtained, compared to the total fees requested through the first remand by the Tenth Circuit, this Court now finds that some, but not all, of the $130,699.50 in fees incurred by plaintiff through the date of the first Tenth Circuit mandate should be allowed. Given the fact that plaintiff incurred fees for an unsuccessful effort to obtain a preliminary injunction that occupied three days of court time, and unsuccessfully pursued federal claims under the Lanham Act, as well as common law claims for unfair competition and statutory claims for deceptive practices under the CCPA, the Court does not believe that an award of the full amount of fees is an appropriate reflection of the level of success achieved. Moreover, although plaintiff has provided the Court no guidance for measuring the overall success of its claims, either through the date of the remand or afterwards, and although Chief Judge Babcock did not allow any fees to plaintiff for dismissal of the defendants' counterclaims, it is this Court's judgment that because plaintiff did have some of its claims restored after the remand, and ultimately prevailed on one of those claims against two defendants, the Court should allow a substantial portion of these fees. Accordingly, the Court will award **$80,000** of the amount of fees incurred by plaintiff through August 2003.

The fees incurred by plaintiff in its attorney preparing for and participating in the trial in January 2004 and for the post-trial motion practice through May 2005, when the

appeals were commenced, are stated in plaintiff's renewed Motion to be a total of $130,140.50 ($104,400.50 plus $25,740). The majority portion of these requested fees were the subject of much of the analysis in this Court's global Order of April 2004.

As noted above, this Court essentially reduced the fee request for this period because the only basis for an award of attorneys' fees was the fee shifting provision of the licensing agreement, because plaintiff prevailed on only one of two claims under that agreement, and because plaintiff did not prevail against all three defendants. However, as also noted above, the Tenth Circuit found this reduction was not proper, emphasizing for instance that the covenant not to compete claim and the confidentiality provision may be based on related legal theories and a common core of facts. *See* 2006 WL 2349212 at **11 n.14. Thus the Tenth Circuit was critical of this Court ostensibly viewing plaintiff's lawsuit "as a series of discrete claims, rather than addressing the significance of the relief ISR obtained against Heumann and Shidler– a total of $100,000 in liquidated damages and permanent injunctive relief–in light of the scope of the litigation as a whole." *Id.*

Taking into account the comments of the Tenth Circuit, and the recitation set forth above of the results achieved by plaintiff after trial and post-trial motions, and considering the nature of all the claims brought by plaintiff, the relief sought and the significance of the overall relief obtained compared to the total fees requested, as directed by the Tenth Circuit, it remains this Court's view that plaintiff is not entitled to 100% of the fees incurred through the post-trial proceedings. The plaintiff sought, but did not receive from the jury, any actual damages. The plaintiff sought, but did not

receive from the jury, any punitive damages.  The plaintiff received a finding from the jury that it possessed information that constituted a trade secret, but the jury found no misappropriation of any trade secret, and it was not clear to this Court what any trade secret there was.  Plaintiff sought a permanent injunction that would have effectively prohibited defendants from engaging in their swimming training business, but the Court denied this broad injunctive relief, and the Tenth Circuit affirmed that order.  Thus, notwithstanding the observations of the Tenth Circuit, this Court does not find that plaintiff achieved a high level of success through this lawsuit.  Thus allowing the full amount of $130,140.50 would not be reasonable.

The Tenth Circuit also ruled that this Court erred in reducing the fees to plaintiff based on the jury verdict returned in favor of Defendant Geerdes.  Citing to *Wayne v. Village of Sebring,* 36 F.3d 517, 532 (6th Cir.1994), *cert. denied*, 514 U.S. 1127 (1995), the Tenth Circuit suggested that attorney fees should be not be reduced where the plaintiff is successful against some defendants, but not others, where the claims against all the defendants are related.  2006 WL 2349212 at **11-12.

Upon further consideration as directed by the Tenth Circuit, this Court finds that *Wayne* is partially but not fully applicable here because it involved a tort action, violation of civil rights, by joint tortfeasors.  The instant case against Defendants Geerdes, Heumann and Shidler, to the extent plaintiff prevailed, is a breach of contract case.  Each defendant had her own separate contract with plaintiff, albeit with identical provisions.  But in order to prove its case, plaintiff had to demonstrate that each defendant engaged in conduct that breached her separate contract.  The jury was

15

instructed that the claims against each defendant had to be separately determined against that defendant (*see* Jury Inst. No. 5).  The verdict form required the jury to reach separate verdicts as to each defendant (Dkt. # 236). Moreover, as noted above, these defendants were not partners or engaged in a joint venture together.  There was no evidence that they served the same clients, or taught the same instructors, or worked out of the same locations, or participated in joint activities in violation of their respective contracts.  Thus, some different evidence as to each defendant had to be obtained in discovery and presented to the jury.  Indeed, the jury found that the evidence presented supported a verdict that two of the three defendants did breach the confidentiality provisions of their licensing agreements, but that the evidence did not support such a verdict against Ms. Geerdes (Dkt. # 236 at 3).

Accordingly, while it may be true as the Tenth Circuit states that even if she had not been named as a defendant, Ms. Geerdes would have been deposed and called as a witness at trial, 2006 WL 2349212 at **12, this Court does not see why that would necessarily be the case to the same degree as if she were a defendant. The fact that a portion of plaintiff's case was directed at Ms. Geerdes alleged misdeeds, and the fact that plaintiff did not prevail against her, warrants some reduction in plaintiff's requested fees under a prevailing party analysis.  However, accepting the admonition from the Tenth Circuit that a straight mathematical reduction is not appropriate, and in light of the evidence at trial that some of Ms. Geerdes work was apparently performed in conjunction with Defendant Shidler, the Court will not reduce the fees allowed on a strict one-third basis.

16

Plaintiff has not broken down for the Court what portion of the fees incurred for post-trial motion practice was incurred in presenting and supporting its post-trial motions, as to which it was not particularly successful, and what portion was attributable to defending against defendants' post-trial motion, as to which plaintiff was completely successful. Nonetheless, based on the complexity of the issues, the lengths and quality of the briefs filed, and the results achieved, the Court finds that plaintiff should be substantially compensated for the post-trial briefing.

Based on its evaluation of the level of overall success achieved by the plaintiff through the post trial motions in this case, including the two verdicts that add up to $100,000, and the limited permanent injunction entered, it is the judgment of this court that fees of **$90,000** is reasonable for the work performed and the results achieved though trial and the post-trial period.

Plaintiff asserts that it incurred $19,920 in connection with the appeals of this case, but again plaintiff has not broken down for the Court what portion of these fees was incurred in presenting its own appeals, as to which it was partially successful, and what portion of the fees was attributable to defending against defendants' appeals, as to which plaintiff was uniformly successful. Nonetheless, based on the relative complexity of the issues, and the results achieved, the Court finds that plaintiff should be substantially compensated for its successful appellate work. The Court allows **$16,000** of the fees sought for the work on the appeal.

Finally, plaintiff requests $5,360 in fees for work performed in preparing the current motions and briefs now before the Court. Because plaintiff has prevailed in its

request for additional fees over the objection of Defendant Heumann, and because some of these fees were incurred in responding to Defendant's Heumann's opposition to plaintiff's request for a one-day extension, an opposition which bordered on the frivolous, the Court is inclined to allow most of this time.  However, these requested fees also necessarily include time spent opposing Defendant Geerdes request for additional fees, work for which Defendant Heumann cannot be made liable, and which was not a totally successful effort as discussed below.  Accordingly, the Court will not award the full amount requested for work performed since August 19, 2006, but instead will allow **$3,000** of this requested amount to be added to the fee award against defendants.

In summary, the Court concludes that based on the overall relief obtained compared to the relief that was sought, and the total amount of fees incurred, the reasonable amount of fees to be allowed to plaintiff as the prevailing party against Defendants Heumann and Shidler collectively is **$189,000**.  However, the Court clarifies below that this award is **not,** nor should it be made, jointly and severally in its entirety as against these two defendants.

As noted above, the jury was requested to, and did in fact return, two separate verdicts in this case, one against each defendant (Dkt. # 236).  It is true that when this Court entered its global Order, it directed that the award be joint and several (Dkt. # 269 at 36).  However, in retrospect this Court erred in making the entire award joint and several, considering that the award was based solely on breach of contract claims.

In any event, this Court's award of fees was reversed by the Tenth Circuit and remanded for further proceedings consistent with its opinion.

Defendant Heumann now argues that any attorneys' fees award should not be joint and several, but should instead be apportioned equally between Defendants Heumann and Shidler (Defendant's Response at 14).  Defendant Heumann cites to several cases but none involve a factual situation similar to what is present here, and those cases address costs of litigation and not attorneys' fees awarded under a prevailing party provision in a breach of contract case.  This Court, however, has found one decision by the Colorado Court of Appeals that suggests, although not expressly holding, that where two defendants are being prosecuted by one plaintiff in parallel cases involving identical claims, it would be unfair to assess 100% of the attorneys' fees against just one defendant who lost at trial, but rather some apportionment should be made.  *See Newport Pacific Capital Co., Inc v. Waste*, 878 P.2d 136, 140 (Colo. App. 1994) ("Waste argues that the trial court erred in not allocating the attorney fees between this case and a companion case against another tenant involving identical issues, which was to be tried simultaneously but settled just prior to trial.  We agree that such an allocation should be made if practicable and remand for that purpose.").

This Court agrees that Defendant Heumann's argument for a fifty-fifty division of the assessment of attorneys' fees between the two defendants has some support based on the circumstances of this case.  First, each defendant was sued on the same contract, and the jury awarded identical damages of $50,000 as against each defendant.  Thus it is plausible to argue that the amount of attorney effort directed at

19

each of the two defendants was or should have been essentially the same, and each defendant should pay for the attorneys' fees incurred in prosecuting the case against her, namely one-half.

However, some of the work performed by plaintiff's counsel was basic work that had to be undertaken no matter how many defendants were named in the case, and some of the work may have been undertaken on the interrelated claims described by the Tenth Circuit as eligible for compensation.  Such attorney work cannot be allocated to only one or the other of the two defendants.

Thus, while it is this Court's view, for the reasons stated above, that fairness dictates that some of the fees must be awarded separately against each defendant based on their respective and separate breaches of contract, it also recognizes that a substantial portion of the fees must be awarded against the defendants jointly and severally recognizing the commonality of the work performed by plaintiff's counsel.

Accordingly, the Court directs that judgment be entered in favor of plaintiff for the total amount of attorneys' fees set forth above ($189,000), of which 70%, or $132,300, is awarded jointly and severally against both Defendants Heumann and Shidler.  The remaining 30% of the awarded fees are awarded severally only, one-half of the amount against each defendant, so that judgment will enter severally against Defendant Heumann and in favor of plaintiff for $28,350, and judgment will enter severally against Defendant Shidler and in favor of plaintiff for $28,350.

Plaintiff also requests the Court to reinstate the award of costs in the amount of $3,870.83 which was awarded in this Court's global Order (Renewed Motion at 7).

20

Defendant Heumann does not oppose this award of costs (Defendant's Response at 13). Those costs requested are thus awarded.

## V.   DEFENDANT GEERDES' MOTION FOR ATTORNEYS' FEES AND COSTS

In its global Order this Court awarded Defendant Geerdes $48,148.83 in attorneys' fees as the prevailing party against plaintiff on the claims brought under the licensing agreement, and allowed her costs of $2,513.71 (Dkt. # 269 at 14-15). The award of fees to Defendant Geerdes as a prevailing party was affirmed by the Tenth Circuit in *Barnett II*.

In her current motion (Dkt. # 312), Defendant Geerdes does not challenge the amount of fees awarded, but requests additional attorneys' fees and costs relating to what she describes as the "First Phase" and "Third Phase" of the case. As the Court did in addressing plaintiff's request for additional fees, the Court will separately address the two "phases" identified by Defendant Geerdes.

### A.   Fees Requested for Third Phase.

The Third Phase refers to the period from the date of the Court's global Order (April 27, 2004) through October 2006, a date just preceding the filing of the current motions. As the Court understands Defendant Geerdes' position, she is essentially requesting fees for this period because she was required to oppose plaintiff's appeal to the Tenth Circuit of the award of attorneys' fees and costs in her favor, and the Court's denial of a permanent injunction against her. Defendant Geerdes requests an award of $25,475.90 in fees for this period (Dkt. # 312 at 12).

21

There is no dispute that Defendant Geerdes was completely successful in this effort, as the Tenth Circuit affirmed all the rulings in her favor.  Plaintiff does not appear to take issue with Defendant Geerdes' level of success at the Third Phase.  Rather, plaintiff opposes an award to Defendant Geerdes because the amount requested is not documented as relating solely to work performed by defendants' counsel on Geerdes opposition to plaintiff's appeal, and because the amount represents merely an estimate by defendants' counsel of the allocation of fees attributable to that portion of the appellate briefing relating to Defendant Geerdes (Plaintiff's Response, Dkt. # 321 at 3-4).  For the reasons set forth below, the Court agrees that the fees requested for the appellate work is not adequately documented, and in any event appears to the Court to be excessive given the nature of the issues involved and the overall amount of work performed by defendants' counsel on the appeal as a whole.

Ms. Geerdes' counsel attests that some 397.3 hours of professional time (attorneys and paralegals) was expended on the appeal of this case (Affidavit of Mark Fischer, Exhibit A to Geerdes Motion for Attorneys Fees (Dkt. # 312) at 12-13).  It appears from the affidavit that at least eight different attorneys worked on the appeal.  According to Mr. Fischer, the total amount billed for the appellate work was $76,427.69 (*id.*).  Mr. Fischer candidly admits that "it is impossible to determine with mathematical precision the amount of time spent on each issue." *Id.* at 13.  He thus estimates that one-third of the time spent on the appeal is attributable to work on that portion of the appeal relating to Defendant Geerdes.  Thus he requests $25,475.90 in fees.

The Court finds this support unsatisfactory and to some extent unreasonable. In the first place, counsel knew that one of the clients (Defendant Heumann) was seeking to overturn a verdict against her, while the other client (Defendant Geerdes) was seeking to affirm a verdict and judgment in her favor, including a judgment for attorneys fees based on a fee-shifting provision. Counsel could have and should have kept separate time records for the parts of the appeal that related to the separate issues involving each client where at least one issue potentially could result in an attorneys' fee award. As plaintiff correctly points out, it is not the responsibility of the plaintiff (or of this Court) to sift through the records to apportion the work.

Second, the Court finds that the total billing for the appellate work, both in terms of hours expended and the amount charged, is excessive. The Court notes that plaintiff's counsel expended 99.6 hours on the appeal compared to the 397.3 asserted by Mr. Fischer's affidavit. Plaintiff's counsel fully briefed and argued the exact same issues in one-fourth the amount of time. Moreover, the fact that defendants' counsel assigned eight different attorneys to work on the appeal suggests to this Court an inevitable and unnecessary duplication of effort as to which such fees should not be shifted to the other side.

Plaintiff's counsel also contends that only four pages of the defendants' 57-page opening response brief, and no pages of their 17-page reply brief, were addressed to the issues raised against Defendant Geerdes (Jaffe Affidavit attached as Exhibit 1 to Plaintiff's Response (Dkt. # 321) at 2). Defendant Geerdes does not dispute this assertion (see Geerdes Reply Brief, (Dkt # 325)).

23

Finally, although plaintiff does not expressly object to the hourly rates billed, the Court notes that the hourly rates billed by the lawyers and paralegals on the appellate phase are substantially higher than the rates requested at the time Defendant Geerdes sought recovery of fees in 2004.  For example, the Fischer Affidavit shows 118.7 paralegal hours billed at rates between $135 and $165 per hour.  *See* Fischer Affidavit at 12.  In its global Order the Court noted that paralegal hourly rates higher than $100 per hour seemed excessive, (Dkt. # 269 at 13) specifically noting that the only affidavit then tendered in support of the paralegal rates at that time stated that the prevailing rate was between $65-$95 per hour (*id.* at 13, n.2).  Defendant Geerdes has not submitted any express support in her current motion to justify a higher hourly paralegal rate.[2]

Accordingly, while the Court finds that Defendant Geerdes is entitled to fees for the appellate phase of the case as she was successful in upholding the rulings in her favor, the full requested amount of $25,475.90 should not be awarded.  Instead, after full consideration of the record, the Court allows Defendant Geerdes an additional **$16,000** as fees for the appellate phase (Third Phase) of the case.

### B.    Fees Requested for First Phase.

The First Phase of the case refers to the period from inception through the first remand by the Tenth Circuit in August 2003 (Geerdes' Motion for Attorneys' Fees (Dkt.

---

[2]   While Defendant Gerdees tendered an affidavit by William Gray, Esq., generally stating that the attorney and paralegal hourly rates were reasonable, the affidavit does not provide and specific factual basis for its conclusions.  Affidavit of William Gray, attached as Exhibit B to Geerdes' Motion for Attorneys' Fees (Dkt. # 312).

# 312) at 5).  Defendant Geerdes states that this fee request is now before this Court as a result of the Tenth Circuit remand of the attorneys' fees issues previously abated in cases No. 03-1083 and 03-1107 (*id*.).  According to the Affidavit of Mr. Fischer, Defendant Geerdes now requests an award of attorneys' fees for the "First Phase" in the amount of $221,131 relating to 1,396 hours of professional time expended between April 2000 and August 2003 (Fischer Affidavit at 5-6).  The affidavit acknowledges that this amount is the total amount of professional fees charged to Defendant Geerdes and the other defendants during this period (*id*. at 6).  In other words, the request makes no allocation as to the work performed on behalf of Defendant Geerdes versus the work performed on behalf of the other defendants.

The Court first notes, as Defendant Geerdes acknowledges, that Chief Judge Babcock had already made a determination as to reasonable fees to allow all the defendants at the time they were successful in obtaining summary judgment (Geerdes' Motion for Attorneys' Fees at 5 n. 2).  At the time he made this fee award, Chief Judge Babcock was familiar with the case and was certainly in a better position then to evaluate what work performed by defendants' counsel was reasonable and subject to compensation than this Court is now.  Thus, although Chief Judge Babcock's summary judgment order was partially overturned by the Tenth Circuit ruling in *Barnett I*, and although the fee order has been remanded for consideration by this Court, the order by Chief Judge Babcock is entitled to substantial deference in evaluating what work was reasonably performed by defendants' counsel from the inception of the case through the grant of summary judgment.

25

According to Defendant Geerdes, Chief Judge Babcock's order, which awarded defendants fees of $143,435.00, addressed the fees incurred from inception of the case through February of 2002.  Defendant Geerdes states in her current motion that she now seeks to recover attorneys' fees for the remaining portion of the First Phase, from February 2002 through August 2003 (*id.*).  Thus, she is apparently requesting fees for that period of time in the amount of $77,696 ($221,131 minus $143,435) for that period of time.

From a review of the files it appears to this Court that during that period of time there were essentially only two issues pending in this case: first, whether defendants would be awarded attorneys fees and, if so, in what amount, and second, the appeal of the summary judgment.

The first issue was resolved by Chief Judge Babcock's order of February 24, 2003, in which he allowed defendants the amount of $143,435 referenced above (Dkt. # 186).  While the order states that it is awarding the "lodestar" amount, it does not specify the period of time over which fees were claimed (*id.* at 4).  However, the Court has reviewed the affidavit of Mr. Fischer submitted on February 10, 2003 in support of the fee request at that time ("First Fischer Affidavit," Dkt. # 185) and the attachments thereto.  The billing statements attached to the affidavit include time billed through January 2003 (*see* Exhibit A to First Fischer Affidavit).  Thus, it appears that Chief Judge Babcock's order did include fees during the period **after** February 2002 and through January 2003, contrary to the statement made in the current affidavit of Mr. Fischer to the extent it claims that Chief Judge Babcock's order only awarded

26

fees incurred through February 2002.  Thus, some portion of the additional $77,696 fee amount referenced above was already included in Chief Judge Babcock's order.

The other fees incurred during this period must be attributable to work on the first appeal.  Defendant Geerdes has made no separate showing as to what amount is attributable to such work.  Thus the Court has no adequate basis on which to make an award.  Moreover, even if Defendant Geerdes could demonstrate the amount of fees attributable to the appellate work, the Court notes that she was not entirely successful in her appeal, as two claims were reinstated by the Tenth Circuit, including the breach of contract claim under which she claims an entitlement to fees.  Thus the Court is not inclined to award any fees for the appellate work to Defendant Geerdes due to a lack clear indication of the time devoted to such work be legal professional.

In sum, this Court is not persuaded that Defendant Geerdes is entitled to any additional fees for the period between February 2002 and August 2003 that are not already included in the amount found reasonable by Chief Judge Babcock in his order of February 24, 2003.

To the extent Defendant Geerdes now seeks to recover some or all of the fees allowed by Chief Judge Babcock to all three defendants for that portion of the First Phase of the case, the Court is inclined to start with the amount already found reasonable by Chief Judge Babcock, for the reasons set forth above.  The question remains whether Defendant Geerdes should be awarded all of those fees for the work performed from the inception of the case through the order granting summary judgment, which is apparently what she now requests.

Needless to say, as plaintiff argues, that summary judgment order was eventually overturned by the Tenth Circuit, and the breach of contract claims against this defendant were reinstated.  However, Defendant Geerdes did ultimately prevail on those claims.  This Court accepts the defendants' argument that some of the work performed prior to the grant of summary judgment related to the defense and eventual trial of the claims against Defendant Geerdes.  However, this Court is not persuaded that Defendant Geerdes should be awarded 100% of the amount found by Chief Judge Babcock to be reasonable defendants' fees as of February 2003 due to subsequent events, including the Tenth Circuit's rulings.

As noted above, this case evolved into a breach of contract case against three individuals, and this Court noted in evaluating plaintiff's request for fees, the proof against each individual had to be made.  Similarly, the defense of each individual defendant required work specific to that defendant.  Thus the Court does not accept Defendant Geerdes' argument that she is entitled to 100% of the fees incurred in the defense of this case, as some of that work had to pertain to the other defendants, who did not prevail.

Because Defendant Geerdes has made no showing as to what work performed prior to Chief Judge Babcock's order of February 2003 relates to the defense of the claims against her, as opposed to the other defendants, it is left to this Court to make a reasonable determination.  From presiding over the trial, this Court is aware that the predominant part of plaintiff's case appeared to have been aimed at the other two defendants, and indeed that perception is supported by the jury's verdicts.  Because

28

it is apparent to the Court that Defendant Geerdes' role was secondary to the other defendants, the Court finds that less than 100% the fees incurred prior to the grant of summary judgment could reasonably relate to work performed in defending Defendant Geerdes.  However, as the Court noted above in allocating the plaintiff's fees between work performed in proving its case against the multiple defendants, there also was a substantial commonality of work involved in defending the claims brought against all three defendants.  After all, it was plaintiff who chose to sue all three of these defendants, and even if Defendant Geerdes role turned out to be somewhat peripheral, that was a risk plaintiff took in naming her and a risk he maintained by not dismissing her from the case.

Accordingly, while the Court does not believe that Chief Babcock's award of $143,435 should be fully reinstated in favor of Defendant Geerdes, it does find that she should be awarded additional fees for the so-called First Phase of the case in the amount of **$100,000** of the fees incurred.

In summary, the Court now allows Defendant Geerdes an additional $100,000 in fees relating to work performed during the period between inception of the case and August 2003, and an additional $16,000 for fees incurred relating to the second appeal. This total amount of **$116,000** is in addition to the previous fee award of $48,148.83 which has already been affirmed by the Tenth Circuit, or a total of **$164,148.83.**  The Clerk of the Court will be directed to enter an amended judgment reflecting these amounts.

**C.    Costs Requested**

In its global Order the Court allowed costs to Defendant Geerdes in the amount

of $ 2,513.71 (Dkt. # 269 at 15). The Court arrived at this number by *pro rating* the total

amount of costs allowed to the defendants by the Clerk of the Court (*id.* at 14-15).

In the same Order, the Court denied Defendant Geerdes motion to review the taxation

of costs by the Clerk (*id.*).

As detailed in the Fischer Affidavit attached to her motion, Defendant Geerdes

now asserts that as a prevailing party she is entitled to an additional award of costs in

the amount of $33,471.58 for what she refers to as the First Phase of the case, and

costs in the amount of $2,564.68 for the Third Phase of the case (Fischer Affidavit at

6-8; 13-14).

    1.    Third Phase Costs

With respect to the costs requested for the Third Phase, which in the case of

Defendant Geerdes relates to defending the appeal taken by plaintiff, counsel's

affidavit asserts that the costs actually billed to all defendants was $2,945.38, and that

this amount would have been expended on behalf of Defendant Geerdes even if

counsel had not been simultaneously working on the appeal taken by Defendant

Heumann (Fischer Affidavit at 14).  However, the Court finds such statement

unsupportable based on the itemization of costs.

For example, the cost breakdown shows that $4,143.25 of the requested costs

are attributable to charges for computerized research.  *See* Fischer Affidavit at 13.

Even assuming such expenditures are compensable as "costs," and even if these costs

30

were written down as the affidavit suggests, the Court would not award 100% of the costs to Defendant Geerdes given the small portion of the appellate briefs dealing with the appeal of the issues brought against her as discussed above.  Moreover, logic dictates that the appellate briefs would not have been as lengthy, nor the printing charges as high, had Geerdes been the only appellee.

Furthermore, as Defendant Geerdes acknowledges, by supplemental mandate issued on September 19, 2006, she was already awarded $380.70 in costs by the Tenth Circuit in connection with the appeal (Dkt. # 305).  It is not clear to this Court exactly what these costs relate to, and Defendant Geerdes motion does not clarify the matter.  The current request for additional costs may well cover what Defendant Geerdes has already been awarded (for example, the appellate filing fees) and in the absence of adequate explanation the Court is not inclined to award additional costs.

However, the supplemental mandate does state that the matter of taxing the reporter's transcript was not addressed in it but was referred to the district court (Dkt. # 305 at 2).  While this Court would award costs for some or all of the trial transcript necessary to Defendant Geerdes' appeal, it is difficult to determine from her submission exactly what that cost was.  The Fischer Affidavit references only a court reporter fee of $206.50 (*See* Fischer Affidavit at 13) and the Court has located this one itemized charge in the massive exhibits filed with the affidavit (Exhibit A8 at 5).  Thus the Court will allow this amount of $206.50 as an additional cost for the appeal.

2.      First Phase Costs

With respect to the costs requested for the First Phase, the Court is somewhat unclear as to the basis for Defendant Geerdes request.  Counsel's affidavit states that Chief Judge Babcock awarded defendants $4,252.64 in costs in his order of December 17, 2002 (Dkt. # 175) out of the $20,951.61 they had requested in their Bill of Costs (Dkt. # 137) filed on February 1, 2002 following the entry of summary judgment.  *See* Fischer Affidavit at 7, n.3).

In fact, what occurred was that on December 12, 2002, the Clerk of the Court assessed costs in favor of defendants in the amount of  $4,252.64 (Dkt. # 175).  On January 28, 2003, the defendants moved the Court to reconsider the award of costs (Dkt. # 177).  It was at this time that the defendants requested Chief Judge Babcock to award the additional $20,951.61 in costs referenced in the Fischer Affidavit.

By order entered on February 7, 2003, Chief Judge Babcock denied the defendants' motion to reconsider taxation of costs (Dkt. # 182).  On February 10, 2003, defendants filed a supplemental motion for attorneys' fees and additional costs (Dkt. # 184).  In his order dated February 24, 2003 (Dkt. # 186), Chief Judge Babcock granted the request for attorneys fees, but did not address the request for additional costs.  This Court would thus deem that request denied, and so apparently did defendants.  In their notice of cross appeal filed with the Tenth Circuit on March 20, 2003 (Dkt. # 193), defendants stated that they were appealing the award of attorneys fees contained in the February 24, 2003 order, and were appealing "to the extent that said orders deny Defendants' [sic] their reasonable costs."

The Tenth Circuit ultimately abated this appeal, as noted above, and in *Barnett II* stated that this matter regarding attorneys' fees was remanded to the district court. Although the Tenth Circuit did not expressly reference the matter of costs, this Court understands that the issue was implicit in the remand of the case.

As stated above, Chief Judge Babcock was in a better position than the undersigned to determine the reasonable costs to be allowed to defendants following his order granting summary judgment. The supplemental motion filed in February 2003 sought costs through the date of its filing, and not only through February 2002 as stated in the current Fischer Affidavit. Indeed, the affidavit by Mr. Fischer filed on February 10, 2003 (Dkt. # 185) explicitly states that defendants were seeking costs through that date (Dkt. # 185 at 2-3). Because Chief Judge Babcock denied the additional costs sought by defendants then, once explicitly (Dkt. # 182) and once implicitly (Dkt. # 186), this Court is not inclined to again review the matter.

Counsel's current affidavit also urges the award of costs incurred by defendants themselves (as opposed to being advanced by counsel) in the amount of $7,045.09 during the period February and March 2001 for witness fees and witness travel costs relating to the preliminary injunction hearing (Fischer Affidavit at 7-8). The affidavit does not provide any explanation as to whether or not these costs were already requested to be awarded in the supplemental request filed before Chief Judge Babcock in February 2003 (Dkt. # 184). But a review by this Court of the affidavit of Kristin Berdan (Dkt. # 178) and the exhibits attached thereto, filed in support of the supplemental motion (Dkt. # 184) reveal some of the same travel costs itemized in the

33

current Fischer affidavit. *See* Dkt. # 178 at 4. Accordingly, this Court understands that any allowance for these costs has already been decided by Chief Judge Babcock's orders.

For these reasons, this Court awards costs to Defendant Geerdes for the First Phase of this case in accordance with Chief Judge Babcock's order in the amount of $4,252.64, but will not further reconsider the costs awarded for the First Phase.

**CONCLUSION**

Plaintiff's Motion for One Day Extension of Time to File Declaration in Support of Motion for Attorneys' Fees (Dkt. # 318), filed November 14, 2006, is GRANTED.

Plaintiffs' Renewed Motion for Attorneys' Fees and Costs (Dkt. # 310), filed November 13, 2006, which was superseded by its second Renewed Motion for Attorneys' Fees (Dkt. # 314), filed November 14, 2006, is DENIED as moot.

Plaintiff's second Renewed Motion for Attorneys' Fees and Costs (Dkt. # 314), filed November 14, 2006, is GRANTED in part and DENIED in part. Plaintiff is awarded attorneys' fees in a total amount of $189,000 of which $132,300 is awarded jointly and severally against Defendants Heumann and Defendant Shidler, and of which $28,350 is awarded against Defendant Heumann, severally, and of which $28,350 is awarded against Defendant Shidler, severally. Plaintiff is also allowed its costs in the amount of $3,870.83 which is awarded jointly and severally against Defendants Heumann and Shidler.

Defendant Geerdes' Motion to Strike Plaintiff's Untimely Response to Geerdes' Motion for Attorneys' Fees (Dkt. # 323), filed December 7, 2006, is DENIED.

Defendant Geerdes' Motion for Attorneys' Fees and Costs (Dkt. # 312) filed November 13, 2006, is GRANTED in part and DENIED in part.  Defendant Geerdes is awarded attorneys' fees against plaintiff in an amount of $116,000 in addition to the $48,148.83 previously awarded by this Court's global Order, for a total attorneys' fee award of $164,148.83.  Defendant Geerdes is awarded additional costs against plaintiff in the amount of $4,461.14 ($4,252.64 awarded by Chief Judge Babcock plus $206.50 for appellate costs), in addition to the amount of $2,513.71 previously awarded in this Court's global Order, for a total cost award against plaintiff of $6,974.85.

The Clerk of the Court is DIRECTED to enter an amended judgment in accordance with this Order.

DATED:  February 21, 2007

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge