IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 00-cv-731-PSF-OES

INFANT SWIMMING RESEARCH, INC., a Florida Corporation,

Plaintiffs,

v.

ANN SHIDLER, individually and d/b/a Infant Aquatic Survival,
JUDY HEUMANN, individually and d/b/a Infant Aquatic Survival,
ALISON GEERDES, individually and d/b/a Infant Aquatic Survival.

Defendants.

## EXPEDITED MOTION TO STAY EXECUTION

Defendant Judy Heumann ("Heumann"), hereby requests that, pursuant to Fed. R. Civ. P. Rule 62, the Court stay execution of all judgments against Heumann in this matter. As grounds for this request, Heumann states the following:

## CERTIFICATE OF COMPLIANCE

Pursuant to D.C.Colo.LCivR 7.1(A), counsel for the Defendant has conferred with counsel for the Plaintiff by e-mail regarding this issue and Plaintiff's counsel has indicated that Plaintiff does not agree to the relief sought herein and will oppose this motion.

1. On February 4, 2004, the Clerk of the Court entered a Judgment on Remand [Docket No. 237] which provided, in part, that judgment was entered against Heumann and in favor of Plaintiff in the amount of $50,000 with post judgment interest to accrue at 1.25% per annum. As

of the date of this motion, the total amount owed by Heumann on this amount, including past judgment interest, is approximately $51,927.08.

2. On February 23, 2007, the Clerk of the Court entered another Judgment on Remand [Docket No. 330] which, in part, provided for judgment against Heumann and in favor of the Plaintiff for attorneys fees and costs in an aggregate amount totaling $164,520.83, plus post-judgment interest.  While the calculation of the post judgment interest owed to date is somewhat complicated, as of the date of this motion, the post judgment interest owed on the $164,520.83 amount, is approximately $1,651.29 - for a total amount owed by Heumann to ISR pursuant to the Judgment on Remand of approximately $166,172.12

3. Therefore, the total amount that Heumann owes to ISR from all outstanding judgments and interest now total approximately $218,099.20.

4. In addition, the February 23, 2007, Judgment on Remand also enters judgment against ISR and in favor of Defendant Alison Geerdes ("Geerdes") in an aggregate amount totaling $171,123.68, plus post-judgment interest.  As of the date of this motion, the post judgment interest owed on the $171,123.68 amount, is approximately $2,139.43, for a total amount owed by ISR to Geerdes pursuant to the Judgment on Remand of approximately $173,263.11.

5. Geerdes assigned her interest in this action to Heumann on December 28, 2004.  *See* Assignment dated December 28, 2004, attached hereto as *Ex. A*.

6. Heumann has conferred with ISR and ISR has refused to set-off the amount awarded to Geerdes, which was assigned to Heumann, against the amount of ISR's judgment against Heumann.

7. Therefore, Heumann has filed with this Court a Motion to Amend or Alter Judgment pursuant to Fed. R. Civ. P. Rule 59(e), requesting that the Judgment on Remand be amended to provide that the amount Heumann owes ISR, $218,099.20, can be set off against the amount that ISR owes to Geerdes, $173,263.11, which has been assigned to Heumann.

8. Heumann respectfully requests that the Court stay execution of any judgment in this case against her pending resolution of Heumann's Motion to Amend or Alter Judgment Pursuant to Fed. R. Civ. P. Rule 59(e). In addition, Heumann recognizes that ISR may choose to appeal the Court's most recent order regarding fees and costs, and therefore, Heumann further requests that the Court stay execution of any judgment in this case against her pending resolution of such an appeal.

9. Contemporaneously with this motion, Heumann has deposited with the Clerk of the Court a check for **$44,863.09,** to be held in the Registry of the Court. This amount represents the difference between the amount that ISR owes to Heumann, pursuant to the assignment of the Geerdes judgment, and the amount awarded against Heumann in favor of ISR. Such amount is Heumann's supersedes bond and is sufficient to protect ISR during the pendency of both Heumann's Rule 59 motion and any appeal period.

10. In the event that the Court determines that a larger bond is necessary to protect ISR during the requested stay of execution, Heumann requests a stay of execution for a reasonable amount of time to allow her to tender the additional amount of bond the Court deems necessary.

**WHEREFORE**, Heumann respectfully requests that the Court enter an Order staying execution of all judgments against Defendant Heumann in this matter pending determination of Heumann's Motion to Amend or Alter Judgment and for the duration of ISR's appeal, if any.

Dated: March 8, 2007  FAEGRE & BENSON LLP

*s/Mark W. Fischer*
Mark W. Fischer
ATTORNEYS FOR DEFENDANT JUDY HEUMANN

## CERTIFICATE OF SERVICE

I certify that on  March 8, 2007, I electronically filed the foregoing **EXPEDITED MOTION TO STAY EXECUTION**  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following person at the given e-mail address:

Douglas Jaffe (douglasjaffe@aol.com)
402 West Broadway, 4th Floor
San Diego, California 92101

and send via United States mail, postage prepaid addressed to the following:

Ann Shidler
35 Coral Place
Greenwood Village, CO  80111-3460

*s/Jennifer Pearce*