## AFFIDAVIT OF JUDY HEUMANN

Judy Heumann, being duly sworn, deposes and says that:

1.  I am a Defendant in the action captioned *Infant Swimming Research v. Shidler et al.*, Civil Action No. 00-cv-731-PSF-MEH.

2.  Attached as Exhibit A is a true and correct copy of the Assignment of Judgment and Acknowledgement of Duties executed by Alison Geerdes and me.

3.  I recently became aware that Infant Swimming Research (ISR) filed with the Court a pleading entitled Plaintiff's Notice of Filing of Fabricated Certificate of Stay of Judgment/Release of Judgment Lien in Further Support of Plaintiff's Response to Motion to Alter or Amend Judgment. Attached to that pleading was a document entitled "Certificate of Stay of Judgment – Release of Judgment Lien." ("the Certificate").

4.  A copy of the Certificate was provided to me by my counsel, Mark Fischer, in April 2005. My belief at that time was that the Certificate was an authentic document issued by the United States District Court for the District of Colorado. I had no information, nor reason to believe, that the Certificate was fabricated.

5.  Based upon my belief that the Certificate was an authentic, legitimate document, my husband recorded it with the Clerk and Recorder of Boulder County.

6.  I did not become aware of any problem related to the Certificate until April 9, 2007, when I was contacted by Mr. Fischer's office at Faegre & Benson LLP.

7.  Neither my husband nor I have filed any name reservations with the Colorado Secretary of State relating to Infant Swimming Research, Inc., or Harvey Barnett, Inc. I understand that Michael Shidler, husband of Ann Shidler, may have filed such name reservations, and listed my husband on the forms that he filed. However, neither my husband nor I authorized or consented to the inclusion of my husband's name on those forms.

8.  Neither I nor any member of my family own, pay for, or control the website at www.infantswimminglawsuit.com. To the best of my knowledge, this website is operated by other swimming instructors who are not parties to this litigation.

Further affiant sayeth not.

*/s/ Judy Heumann*
Judy Heumann

STATE OF COLORADO )
                               ) ss:
COUNTY OF BOULDER )

      I hereby certify that on this 20th day of April, 2007, the foregoing was subscribed and sworn before me by Judy Hermann.

      Witness my hand and official seal.

*[Signature]*
Notary Public

My commission expires: 08/21/2009

*[Notary Seal: JENNY G. RIOS, NOTARY PUBLIC, STATE OF COLORADO]*

## ASSIGNMENT OF JUDGMENT AND
## ACKNOWLEDGMENT OF DUTIES

Alison Geerdes ("Geerdes") and Judy Heumann ("Heumann") (collectively, the "Parties") hereby enter into this Assignment of Judgment and Acknowledgement of Duties ("Assignment"). The parties state as follows:

1. For the payment of $10,000.00 and other valuable consideration as further detailed below, the receipt and sufficiency of which is hereby acknowledged, Geerdes hereby assigns, conveys, sells and transfers to Heumann all of her right, title and interest in that certain judgment dated April 28, 2004, obtained by Geerdes against Infant Swimming Research ("ISR") in that suit styled *Infant Swimming Research, Inc. v. Shidler, et al.,* Civil Action No. 00-F-731, United States District Court for the District of Colorado (the "Judgment"), including all interest on the Judgment and all monies of any kind to be collected, if any, on behalf of Geerdes in connection with said litigation including any and all monies which may be later awarded to Geerdes by either the District Court or the 10th Circuit Court of Appeals in connection with the continuing litigation of this matter.

2. Heumann further acknowledges that in exchange for the assignment of the above Judgment from Geerdes, Heumann agrees to pay any and all of Geerdes' attorney fees and costs associated with ISR's appeal of the above matter that is currently pending before the 10th Circuit Court of Appeals, Civil Action Nos. 04-1221 and 04-1222.

3. Under all circumstances, Geerdes agrees to cooperate with the prosecution of the pending appeal and any other efforts undertaken by Heumann to secure and maintain the Judgment. Such cooperation may include executing documents as reasonably required and attending hearings if reasonably required to do so.

4. Heumann and Geerdes agree and acknowledge that if the 10th Circuit affirms the Judgment in favor of Geerdes, the following will occur:

   a. Geerdes will keep the $10,000.00 paid to her by Heumann;

   b. Heumann will be solely responsible for paying any attorney fees and costs associated with collecting on the Judgment;

   c. Heumann will receive all benefit associated with the Judgment.

5. Heumann and Geerdes agree and acknowledge that if the 10th Circuit reverses and remands the Judgment in favor of Geerdes, the following will occur:

   a. Geerdes will keep the $10,000.00 paid to her by Heumann;

   b. Heumann, though not obligated to do so, may elect to pay the further attorney fees and costs associated with defending the case against Geerdes upon remand (the "Remand

1

**EXHIBIT A**

Expenses"). If Heumann elects <u>not</u> to pay the Remand Expenses, Geerdes will be responsible for the Remand Expenses. If Heumann elects to pay the Remand Expenses, Heumann will receive all benefits associated with any future award to Geerdes achieved during the course of the remand proceedings. If Heumann does not pay the Remand Expenses and Geerdes ultimately receives a judgment of any kind against ISR during the course of the remand proceedings, Geerdes must pay the first $10,000.00 received on such judgment to Heumann.

6. This Assignment shall be construed in accordance with the laws of the State of Colorado, and shall be binding upon and inure to the benefit of the successors and assigns of the parties and beneficiaries hereto.

7. The Parties acknowledge and represent that, prior to execution of this Assignment, they have been advised to consult with independent legal counsel. The Parties further acknowledge and represent that they have had a full and fair opportunity to consult with such counsel concerning the terms and conditions set forth in this Assignment, and that they are fully aware of the legal and binding effect of this Assignment.

8. The Parties acknowledge and represent that they have carefully read and fully understand all of the terms and conditions set forth in this Assignment. The Parties further acknowledge and represent that they enter into this Assignment freely, knowingly and without coercion and based on their own judgment and investigation of this matter and not in reliance upon any representation or promises made by any party, its attorneys or its agents.

9. This Assignment sets forth all of the terms and conditions agreed to by the Parties. Any prior agreements, promises, negotiations, or representations, either oral or written between the Parties or their attorneys relating to the assignment which are not expressly set forth in this Assignment are of no force or effect.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE ASSIGNMENT. THE SIGNATORIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS ASSIGNMENT. THE ONLY PROMISES MADE TO ANY SIGNATORY ABOUT THIS ASSIGNMENT ARE CONTAINED IN THIS ASSIGNMENT AND THE SIGNATORIES REPRESENT THAT THEY HAVE THE AUTHORITY NECESSARY TO SIGN THIS ASSIGNMENT AND THAT THEY HAVE SIGNED THIS ASSIGNMENT VOLUNTARILY.

Dated this _____ day of December, 2004.        Dated this 28th day of December, 2004.

_____                *Judy Neumann*
ALISION GEERDES                                  JUDY HEUMANN

2

Expenses"). If Heumann elects not to pay the Remand Expenses, Geerdes will be responsible for the Remand Expenses. If Heumann elects to pay the Remand Expenses, Heumann will receive all benefits associated with any future award to Geerdes achieved during the course of the remand proceedings. If Heumann does not pay the Remand Expenses and Geerdes ultimately receives a judgment of any kind against ISR during the course of the remand proceedings, Geerdes must pay the first $10,000.00 received on such judgment to Heumann.

6. This Assignment shall be construed in accordance with the laws of the State of Colorado, and shall be binding upon and inure to the benefit of the successors and assigns of the parties and beneficiaries hereto.

7. The Parties acknowledge and represent that, prior to execution of this Assignment, they have been advised to consult with independent legal counsel. The Parties further acknowledge and represent that they have had a full and fair opportunity to consult with such counsel concerning the terms and conditions set forth in this Assignment, and that they are fully aware of the legal and binding effect of this Assignment.

8. The Parties acknowledge and represent that they have carefully read and fully understand all of the terms and conditions set forth in this Assignment. The Parties further acknowledge and represent that they enter into this Assignment freely, knowingly and without coercion and based on their own judgment and investigation of this matter and not in reliance upon any representation or promises made by any party, its attorneys or its agents.

9. This Assignment sets forth all of the terms and conditions agreed to by the Parties. Any prior agreements, promises, negotiations, or representations, either oral or written between the Parties or their attorneys relating to the assignment which are not expressly set forth in this Assignment are of no force or effect.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE ASSIGNMENT. THE SIGNATORIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS ASSIGNMENT. THE ONLY PROMISES MADE TO ANY SIGNATORY ABOUT THIS ASSIGNMENT ARE CONTAINED IN THIS ASSIGNMENT AND THE SIGNATORIES REPRESENT THAT THEY HAVE THE AUTHORITY NECESSARY TO SIGN THIS ASSIGNMENT AND THAT THEY HAVE SIGNED THIS ASSIGNMENT VOLUNTARILY.

Dated this 28th day of December, 2004.        Dated this _____ day of December, 2004.

_____                      _____
ALISION GEERDES                                JUDY HEUMANN

2