IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 00-cv-00731-PSF-MEH

INFANT SWIMMING RESEARCH, INC., a Florida corporation,

        Plaintiff,

v.

ANN SHIDLER, individually and d/b/a Infant Aquatic Survival,
JUDY HEUMANN, individually and d/b/a Infant Aquatic Survival, and
ALISON GEERDES, individually and d/b/a Infant Aquatic Survival,

        Defendants.

---

## RECOMMENDATION ON DEFENDANT JUDY HEUMANN'S MOTION TO AMEND OR ALTER JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)

---

        Before the Court is Defendant Judy Heumann's Motion to Amend or Alter Judgment [Docket #331]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendant Heumann's Motion.

        Defendant Judy Heumann has moved to have the judgments entered in this case set off against one another, leaving a net judgment against Heumann in the approximate amount of $44,836.09 (to be slightly adjusted by the relative interest accruing in the various judgments). In short, in this action Heumann has judgments against her, and in favor of the Plaintiff, in the amounts (at the time of filing of the motion) of $51,927.08 and $166,172.12, while Heumann has the purported legal entitlement to a recovery against Plaintiff (obtained through an assignment of a judgment from Defendant Geerdes) in the amount of $173,263.11. Heumann seeks to have these debts offset by order of this Court pursuant to common law. Heumann contends that it is within the Court's discretion to offset these judgments, and Plaintiff does not disagree.

Heumann's primary argument in favor of setoff is that the Plaintiff has the ability to satisfy the judgment entered against her, but Plaintiff does not have the ability to satisfy the amounts that it owes. This is a principled reason for the set off. In response, Plaintiff does not submit any persuasive argument. First, Plaintiff argues that the fraudulent recording of a satisfaction of Plaintiff's judgment against Heumann, filed by Heumann's counsel in the Boulder County Clerk and Recorder's office in 2005, renders Heumann with unclean hands. However, Heumann's former counsel has admitted that he recorded the fraudulent satisfaction on his own initiative, without knowledge of his client, and the Court has no reason to disbelieve counsel's statement against interest.

Second, Plaintiff argues that the delay in requesting an offset should weigh against Heumann. However, as Plaintiff notes, the judgment was amended only this year, and the Court does not fault any party for letting all the dust settle before evaluating how to most efficiently close out this lawsuit. Third, as noted by Heumann, Plaintiff does not refute Heumann's allegation that Plaintiff is not capable of satisfying the judgment entered against it. Finally, Plaintiff argues that based on the language of the assignment to Heumann of Defendant Geerdes' right of recovery against Plaintiff, Plaintiff might be exposed to collection efforts by Defendant Geerdes even after the set off. The Court does not read the assignment as giving Defendant Geerdes any room to attempt to do this.

It is time to make the prosecution of this case more efficient, not less. Offsetting the debts the parties owe one another would be an efficient and equitable manner of bringing this very old lawsuit to a close. The Court recommends that the motion be granted.[1]

As stated above, the Court RECOMMENDS that Defendant Judy Heumann's Motion to Amend or Alter Judgment Pursuant to Fed. R. Civ. P. Rule 59(e) [Filed March 8, 2006; Docket

---

[1]In the text of her motion, Defendant Heumann also requests that the Court's judgment on remand be altered to reflect that it supersedes all other judgments in the case regarding attorney's fees. Plaintiff did not oppose this request, so the Court considers the point conceded by Plaintiff.

#331] be **granted**; that the judgment on remand be altered to state that it supersedes all other judgment in this case; and that the judgment in favor of Defendant Geerdes against Plaintiff, and assigned to Defendant Heumann, be offset against the judgment in favor of Plaintiff against Defendant Heumann.   Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[2]

Dated at Denver, Colorado this 2nd day of May, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

_____

[2] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).