IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Case No. 00-cv-00731-PSF-MEH

INFANT SWIMMING RESEARCH, INC., a Florida corporation,

    Plaintiff,

v.

ANN SHIDLER, individually and d/b/a Infant Aquatic Survival,
JUDY HEUMANN, individually and d/b/a Infant Aquatic Survival, and
ALISON GEERDES, individually and d/b/a Infant Aquatic Survival,

    Defendants.

**ORDER ON PENDING MOTIONS AND RECOMMENDATIONS OF
MAGISTRATE JUDGE ENTERED MAY 2, 2007**

**I.    BACKGROUND**

On February 22, 2007, this Court entered its Order on Pending Motions (Dkt. # 329) following an order of remand entered by the United States Court of Appeals for the Tenth Circuit in *Harvey Barnett, Inc. v. Shidler, et al*, 2006 WL 2349212 (10th Cir., Aug. 15, 2006). In its remand order, the Tenth Circuit, *inter alia*, reversed this Court's award of attorneys' fees to plaintiff contained in the original judgment following trial entered in April 2004, and remanded the case to this Court "for further proceedings consistent with" that court's opinion. *Id*. at **13. In the Order of February 22, 2007, following remand and further briefing by the parties, this Court awarded attorneys' fees to plaintiff and to Defendant Gerdes consistent with the directions of the Tenth Circuit

panel. On February 23, 2007, the Clerk of this Court entered a Judgment on Remand consistent with this Court's order (Dkt. # 330).

In pertinent part, the Judgment on Remand awarded attorneys' fees in favor of plaintiff in a total amount of $189,000, of which $132,300 was awarded jointly and severally against Defendant Judy Heumann and Defendant Ann Shidler, and of which $28,350 was awarded against Defendant Judy Heumann, severally. The judgment also awarded attorneys' fees to Defendant Geerdes and against plaintiff in the amount of $164,148.83. The Judgment on Remand provided for post judgment interest on each award at the appropriate rates, awarded costs to plaintiff in the amount of $3,870.83, which was awarded jointly and severally against Defendants Judy Heumann and Ann Shidler, and awarded costs to Defendant Geerdes and against plaintiff in the amount of $6,974.85.

On March 8, 2007, Defendant Heumann filed a Motion to Amend or Alter Judgment (Dkt. # 331), which states that Defendant Heumann received an assignment of Defendant Geerdes' judgment against plaintiff and seeks to amend the Judgment on Remand to provide for a set off of the two judgments. On the same day, Defendant, Heumann also filed an Expedited Motion to Stay Execution (Dkt. # 332). On March 9, 2007, Defendant Heumann filed a Motion to Deposit Funds in the Court Registry (Dkt. # 336) and tendered a payment to the Clerk of the Court in the amount of $44,863.09, the net amount after set off, as a proposed bond for the requested stay of execution. Plaintiff filed oppositions to all three motions.

By order entered March 9, 2007, this Court set a hearing on the motions for March 16, 2007 to accommodate Defendant Heumann's request for expedited treatment, and also directed the parties to appear before the Magistrate Judge for a settlement conference immediately prior to the scheduled hearing (Dkt. # 334). However, on March 9, 2007, Defendant Heumann filed a motion to continue the March 16, 2007 hearing and settlement conference (Dkt. # 335) on the grounds that her counsel could not be present. As a result, the motions hearing and settlement conference were vacated by order entered March 16, 2007 (Dkt. # 340).

On March 26, 2007, the Magistrate Judge rescheduled the settlement conference for April 13, 2007 (Dkt. # 342). By order entered March 29, 2007, this Court referred Defendant Heumann's pending motions to the Magistrate Judge (Dkt. # 346). The settlement conference of April 13, 2007 was vacated due to the filing of a motion to withdraw filed by Defendant Heumann's counsel on April 9, 2007. The motion to withdraw was granted on April 30, 2007 (Dkt. # 367). On May 2, 2007, the Magistrate Judge issued one Recommendation on Defendant Heumann's motion to amend or alter judgment (Dkt. # 368) and a separate Recommendation on Defendant Heumann's expedited motion to stay execution (Dkt. # 369).

## II.   THE RECOMMENDATIONS OF THE MAGISTRATE JUDGE

The Magistrate Judge recommends granting the motion to amend or alter judgment so as to provide that the judgment in favor of plaintiff and against Defendant Heumann may be offset by the judgment in favor of Defendant Geerdes against plaintiff (Dkt. # 368). The Magistrate Judge found, as Defendant Heumann had argued,

3

that Defendant Geerdes had made a valid and complete assignment to Defendant Heumann of the judgment that had been entered in her favor against plaintiff.  The Magistrate Judge found that entering an order providing for offset of one judgment against another is a matter within the discretion of the court.  The Magistrate Judge found that offsetting the two judgments was the most equitable and efficient method of bringing this case to a close, particularly since Defendant Heumann alleged that plaintiff was not in a financial position to satisfy the judgment against it, and plaintiff's opposition to the motion did not refute such allegation.  Therefore, the Magistrate Judge recommends that the motion to alter or amend be granted, and the judgment be amended to provide for an offset of Defendant Geerdes' judgment which has been assigned to Defendant Heumann, against the judgment in favor of plaintiff against Defendant Heumann.  The Magistrate Judge further recommends that the amended judgment expressly provide that it "supersedes" all other judgments in this case (Recommendation, Dkt. # 368, at 3).

In his second recommendation, the Magistrate Judge recommends denying as moot Defendant Heumann's motion to stay execution, as he perceived that Defendant Heumann sought the stay only during the time the motion to alter or amend was pending (Recommendation, Dkt. # 369 at 1).

### III.    PLAINTIFF'S OBJECTIONS

On May 11, 2007, plaintiff timely filed its objections to the Recommendation addressing defendant's motion to amend or alter judgment (Dkt. # 370).  On May 18, 2007, Defendant Heumann filed her response to the plaintiff's objections (Dkt. # 371).

Since the plaintiff has made specific objections to the Magistrate Judge's Recommendation, consistent with F.R.Civ.P. 72(b), this Court reviews the matter *de novo*.

Plaintiff's objection acknowledges that setoff is a right grounded in concepts of fairness and equity, and a court has discretion to offset one judgment against another (Plaintiff's Objections at 2-3). Yet, plaintiff argues, offset should not be allowed here because Defendant Heumann's motion was filed long after the original judgment was entered in April 2004. Therefore, plaintiff argues, the motion to amend the judgment by offset was not timely, and it is neither fair nor equitable to allow an offset after such a long delay (Plaintiff's Objections at 2-3).

## IV.   ANALYSIS

This Court disagrees. The original judgment entered in April 2004, to the extent it awarded attorneys' fees, was effectively vacated by the decision of the Tenth Circuit issued in August 2006. The Judgment on Remand, which is the judgment Defendant Heumann seeks to alter or amend, was not entered until February 23, 2007. Defendant Heumann timely filed her motion under Rule 59. Plaintiff argues that it relied for three years on "there being no set-off," but gives no indication how allowing a set off now is prejudicial to plaintiff.

Plaintiff further argues that set off should not be allowed because Defendant Heumann has not established the "need for offset" claiming there is no support for her allegation that plaintiff is insolvent (*id.* at 4). As noted above, the Magistrate Judge found that plaintiff did not refute this allegation in its opposition to the motion. In its Objections to this Court, plaintiff asserts that Defendant Heumann has provided no

5

evidence that she has undertaken any "collections efforts," thereby implying that until such efforts are taken she has no basis for asserting plaintiff is insolvent (*id.* at 4).

Whether or not Defendant Heumann has or has not undertaken such collection efforts is not pertinent to this Court's exercise of discretion.  First, plaintiff still has not expressly denied the allegation that it is insolvent, evading the issue by arguing instead about a lack of collection efforts.  But whether or not plaintiff is insolvent, it is still this Court's view that allowing an offset of these two judgments is the most fair, equitable, and efficient method of enforcing the respective judgments under the circumstances of this case.  Allowing an offset of the two attorneys' fee awards will result in a net amount due to plaintiff, which Defendant Heumann is apparently prepared to pay, or deposit into the Court Registry in the event of an appeal by plaintiff.  Accordingly, the Court accepts the Recommendation of the Magistrate Judge that the Judgment on Remand should be amended to expressly provide for an offset of the two judgments, and therefore grants the motion of Defendant Heumann to amend or alter the judgment.

Although plaintiff has not argued that the net amount after the requested offset as set forth in Defendant Heumann's motion–$44,863.09–is erroneous, the Court is not prepared to set a net amount, including the respective amounts of interest owed under the judgments, without input from the parties.  Accordingly, the plaintiff and Defendant Heumann are directed to confer and submit to the Court **no later than June 11, 2007**, a stipulated proposed Amended Judgment on Remand setting forth the net amount to be awarded in favor of plaintiff and against Defendant Heumann reflecting the offset ordered herein.

Since the Judgment on Remand contains separate provisions for a judgment in favor of plaintiff and against Defendant Shidler, which have not been challenged by these motions, the stipulated proposed Amended Judgment on Remand should restate those provisions pertaining to Defendant Shidler.  Finally, although the Judgment on Remand (Dkt. # 330) omitted to restate the judgment in favor of plaintiff for liquidated damages against Defendants Heumann and Shidler, each in the amount of $50,000, which was included in the judgment entered on the jury verdict after trial, the stipulated proposed Amended Judgment on Remand shall include such amounts in the computations of the net award to plaintiff, and provide for the amount against Defendant Shidler, and thereupon state that it "supercedes" all prior judgments in this case.

Defendant Heumann has filed no objection to the Recommendation that her expedited motion to stay execution be denied as moot (Dkt. # 369).  The Court notes, however, that the motion to stay requests not only a stay pending ruling on the motion to amend the judgment, but also a stay "for the duration of ISR's appeal." (Dkt. # 332 at 3).  The Magistrate Judge apparently did not consider this aspect of the motion to stay in recommending that the motion be denied as moot.  Nonetheless, until such time as plaintiff files an appeal from this Court's final judgment, such request is not ripe.  Accordingly, the Court agrees with the Magistrate Judge that Defendant Heumann's motion for stay of execution should be denied at this time.

## V.     CONCLUSION

The Recommendations of the Magistrate Judge (Dkt. ## 368 and 369) are accepted and plaintiff's Objections are OVERRULED.

Defendant Heumann's Motion to Amend or Alter Judgment (Dkt. # 331) is GRANTED consistent with the rulings set forth above.

Defendant Heumann's Expedited Motion to Stay Execution (Dkt. # 332) is DENIED.

The plaintiff and Defendant Heumann are directed to confer and submit to the Court **no later than June 11, 2007** a stipulated proposed Amended Judgment on Remand in accordance with this Order.

DATED: May 24, 2007                    BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge